IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN MARTIN, on behalf of himself and others similarly situated, ) | |
| ) | CASE NO. 4:18-cv-00973 |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| vs. ) | |
| ) | **ORDER APPROVING FLSA** |
| ) | **COLLECTIVE ACTION** |
| EXTRUDEX ALUMINUM, INC., ) | **SETTLEMENT** |
| ) | |
| Defendant. ) | (Resolves Doc. 26) |
| ) | |

This matter is before the Court on the Parties' Joint Motion for Final Approval of FLSA Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Shannon Draher, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement as it applies to the FLSA, the proposed FLSA Collective Action Settlement Notice, the proposed FLSA Consent to Join and Release Form, the proposed Service Award to the Representative Plaintiff, John Martin, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. On April 27, 2018, the Representative Plaintiff John Martin filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act by failing to pay Plaintiff and other similarly situated employees all of their overtime compensation.

3. Defendant filed its Answer on May 25, 2018 in which Defendant denied any liability or wrongdoing of any kind.

4. The Parties agreed to conditional certification. They further agreed to delay sending notice to the putative class members pending mediation.

5. For purposes of mediation, Defendant produced the daily punch in and out and pay records for the Eligible Settlement Participants for the three-year period from April 2015 to April 2018. Class Counsel, in conjunction with their data analyst, computed the Eligible Settlement Participant's overtime damages on a workweek by workweek basis

6. The Parties engaged in mediation on January 11, 2019, with Magistrate Judge Kathleen B. Burke. The mediation was successful and settlement was reached.

7. The Parties reached the proposed settlement in this matter after extensive research, discovery, legal debates, discussions, correspondence, and good faith bargaining.

8. The FLSA Collective Action Settlement will cover all full-time, hourly employees who worked for Defendant during the time period of April 1, 2015 and April 30, 2018 and who are identified on Exhibit 1 to the Settlement Agreement.

9. To receive a settlement payment, an Eligible Settlement Participant must sign and return the FLSA Consent to Join and Release form attached to the Settlement Agreement as Exhibit 3. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to the Class Counsel within the thirty (30) days after the mailing of the notice.

10. The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the claims of the Group Members (i.e. those who elect to participate in the Settlement by signing and returning an FLSA Consent to Join and Release Form) are to be released and dismissed with prejudice.

11. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation.  Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the FLSA Class Representative and the FLSA Class Members.  The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

12. The Court approves the Agreement and its Exhibits, including the proposed FLSA Collective Action Settlement Notice and the proposed FLSA Consent to Join and Release Form, and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.  The Court grants approval of the FLSA Collective Action Settlement as to the Group Members.

13. The Court finds that the proposed allocation and calculation of the settlement payments to the Eligible Settlement Participants as listed in Exhibit 2 to the Joint Stipulation of Settlement and Release are fair and reasonable.  The Court approves the method of calculation and proposed distribution of the settlement payments.  The Parties have submitted with the Joint Stipulation of Settlement and Release a list providing the names of the Eligible Settlement Participants.

14. The Court approves the service payment to Representative Plaintiff, John Martin, in recognition of his service in the Action and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Settlement Agreement and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

16. The Court dismisses the claims of the Group Members as that term is defined in the Joint Stipulation of Settlement and Release with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Approving FLSA Settlement immediately.

17. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date: __February 28, 2019_____    /s/ John R. Adams_____
　　　　　　　　　　　　　　　　　　　　Honorable John R. Adams
　　　　　　　　　　　　　　　　　　　　United States District Judge